## GUNN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. January 25, 1904.)

1. CARRIERS—ALIGHTING PASSENGER—INJURIES—EVIDENCE—WEIGHT.
   In an action against a street railway company for injuries to an alighting passenger, verdict for plaintiff *held* against the weight of the evidence.

Appeal from City Court of New York, Trial Term.

Action by Martha Gunn against the Metropolitan Street Railway Company. From a judgment of the City Court for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

F. Angelo Gaynor, for appellant.
William C. Wolf, for respondent.

MacLEAN, J. The plaintiff brought an action to recover for injuries received at or near 124th street, in the early evening of June 25, 1901, while a passenger on and attempting to alight from an open south-bound Eighth avenue car of the defendant. At the trial it was conceded that there is a pillar between the north and south sides of 124th street, 13½ feet south of the north curb and 14½ feet north of the south curb, and that the next pillar south is 26 feet and 7 inches south of the south curb line of 124th street. The plaintiff testified that she signaled the conductor to stop the car at 124th street; that the car stopped; and that while in the act of alighting, with one foot in the car and one on the running board, the con-

ductor rang the bell, the car started, and she was thrown to the ground. Substantially so testify her two disinterested witnesses. On the other hand, the defendant, by its five disinterested witnesses, four of whom were passengers on the same car, and one a policeman on duty there, testified that the plaintiff stepped or swung out from the car between the north and south crossings of 124th street, while it was in motion, and that she struck the elevated pillar at that point, and was thrown to the ground, corroborating in full measure the employés of the defendant, the conductor and motorman. And so might we regard the testimony of the plaintiff in part when she testified: "I do not know how near this elevated pillar I was picked up. It was right close to the pillar, a little south of it; [indicating] something like that. I suppose that is about a foot. So that when I was picked up my head lay about a foot away from the elevated pillar which is between the crossings on 124th street"—although one of her witnesses testified: "There is a pillar between the two cross-walks, if I am not mistaken. That isn't the elevated pillar against which she fell. I am positive of that"—while her other witness testified that she fell near the southeast corner.

The charge of the court clearly presented the question at issue to the jury, who, as judges of the credibility of witnesses, may not disregard their testimony, unimpeached or uncontradicted, nor find against the weight of evidence, as their verdict in favor of the plaintiff is; and so the judgment entered thereon should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.