leged that the plaintiff had not the legal capacity to perform the contract sued upon, in that he had not obtained a certificate to act as an agent from the superintendent of insurance, as required by section 91 of the insurance law (Laws 1892, p. 1972, c. 690). The contract was dated June 6, 1904. The plaintiff got his certificate from the insurance department August 26, 1904. Under section 91 of the insurance law the plaintiff was prohibited from carrying out the contract. This fact alone was sufficient to defeat his recovery. Having reached this conclusion on the ground stated, it is unnecessary to consider the other ground of error assigned by the appellants.

The defendants set up a counterclaim to recover the $80 paid to the plaintiff. The evidence shows that the defendants knew of the plaintiff's statutory inability to perform the contract with them at the time they paid him the money. In disbursing this money they were paying him for services performed for them in violation of an express statute. This fact must defeat their recovery on their counterclaim.

Judgment reversed, with costs, and judgment directed for the defendants, dismissing the complaint on the merits. All concur.

---

## GUNN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 11, 1906.)

APPEAL—DISMISSAL OF COMPLAINT—CONDITIONAL REVERSAL.

> Where a judgment for plaintiff is reversed in June, 1904, and a new trial ordered on grounds not necessarily fatal to recovery, and the complaint is dismissed in October, 1906, for failure to bring the case on for trial, and the magnitude of the judgment obtained indicates that the action is meritorious, and the statute of limitations has run against the cause of action, the order dismissing the complaint will be reversed, provided plaintiff stipulates within 10 days to try the case when reached and pay $10 costs and defendant's disbursements on appeal.

Appeal from City Court of New York, Special Term.

Action by Martha Gunn against the Metropolitan Street Railway Company. From an order dismissing the complaint for want of prosecution, plaintiff appeals. Reversed, on conditions.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

William C. Wolf, for appellant.

Henry A. Robinson (Hayard H. Ames, of counsel), for respondent.

PER CURIAM. This action was begun in 1901 to recover damages for injuries received by plaintiff through the alleged negligence of the defendant. The case was tried in April, 1903, and a verdict rendered in favor of the plaintiff for the sum of $1,000. In June, 1904, the Appellate Term reversed the judgment and ordered a new trial for reasons not necessarily fatal to plaintiff's recovery upon another trial. 86 N. Y. Supp. 241. Upon a motion made by defendant an order was entered on October 3, 1906, dismissing the complaint, with costs, and from that order this appeal comes up.

In this case great injustice may be done the plaintiff if this order

is sustained. The statute of limitations has run against her cause of action. From the magnitude of the former judgment we may assume there is merit in her claim, and we think that, under all the circumstances shown herein, the dismissal of the complaint is too great a punishment for the neglect charged in not bringing on the case for trial at an earlier date.

The order appealed from will be affirmed, unless the plaintiff stipulates within 10 days, to try the case when reached, and pay the sum of $10 costs and defendant's disbursements on this appeal, in which event the order appealed from will be reversed, without costs, and the order of Mr. Justice Conlan restoring the case to the calendar will be reinstated; the date of trial to be fixed by the lower court.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

